UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERTRUE INCORPORATED,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT GRAHAM and MICHAEL SHANE,<br><br>Defendants. | CIVIL ACTION NO.:<br><br><br><br><br><br>March 27, 2007 |

## MOTION TO QUASH SUBPOENA AND INCORPORATED MEMORANDUM

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 45(c)(3), Plaintiff Vertrue Incorporated ("Vertrue") moves to quash the subpoena that Defendants Robert Graham ("Graham") and Michael Shane ("Shane") served upon Vertrue's general counsel, George Thomas ("Thomas") to appear at a deposition and give testimony for a case pending in the United States District Court for the District of Maine, which is docketed as <u>Vertrue Inc. v. Graham et al.</u>, Case No.: 2:06-CV-135-P-S.

Counsel for Graham and Shane have indicated that they wish to depose Mr. Thomas because he is the individual who signed answers to their interrogatories on behalf of Vertrue. Accordingly, they served him with a subpoena last week, a copy of which is attached as Exhibit A. Mr. Thomas, however, has scant knowledge about the facts underlying Vertrue's interrogatory responses, other than what he learned during discussions with Vertrue's outside counsel, Steven M. Cowley. Accordingly, any questions that the defendants' counsel might ask Mr. Thomas about Vertrue's interrogatory responses are likely to be protected by the attorney-client privilege and/or the work product doctrine. Indeed, defendants' counsel have already

deposed two individuals with more personal knowledge than Mr. Thomas about the facts underlying Vertrue's interrogatory responses.

Vertrue is suing Graham and Shane for fraud and violating the Connecticut Unfair Trade Practices Act ("CUPTA"). The operative complaint alleges that in 2003, Graham and Shane made a series of material misstatements and omissions of fact to Vertrue representatives on which Vertrue relied to its financial detriment. Mr. Thomas was not one of the Vertrue representatives who met with Graham and Shane in 2003. Nor was he alleged to have taken any action on behalf of Vertrue in reliance on Graham and Shane's misrepresentations. He is simply the company's top lawyer and liaison with outside counsel.

The Vertrue representative with the most personal knowledge about Graham and Shane's 2003 statements and omissions is former Executive Vice President William Olson. On March 22, the defendants' counsel spent approximately four hours deposing Mr. Olson about all of the factual details relating to Vertrue's claims. At the end of the day, defendants' counsel stated that defendants would seek to resume Mr. Olson's deposition at a later date. Additionally, defendants' counsel has spent an entire day deposing Tiffany Bennett, a woman from Vertrue's finance department who had some direct involvement in Vertrue's 2003 dealings with Graham and Shane. Vertrue designated Ms. Bennett as its corporate representative for a Rule 30(b)(6) deposition, and made her available for a full day of questioning on March 14, 2007.

Unlike Mr. Olson and Ms. Bennett, Mr. Thomas has little if any personal knowledge of the facts underlying Vertrue's complaint or interrogatory responses. Mr. Thomas's understanding of the facts is based almost entirely on internal communications he had with Vertrue employees while acting as Vertrue's general counsel or on communications he had with

outside counsel Steven M. Cowley. All of these communications are protected from disclosure by the attorney-client privilege and/or the work product doctrine.

Vertrue's counsel has expressed this concern to defendants' counsel and asked the defendants to withdraw their request to depose Mr. Thomas, but this request has not been granted.

WHEREFORE, Vertrue respectfully requests that this Court quash the attached subpoena and order that Mr. Thomas does not have to sit for a deposition in this case.

DATED: March 27, 2007

          Respectfully submitted,

          EDWARDS ANGELL PALMER & DODGE LLP

          Attorneys For Plaintiff
          Vertrue Incorporated

          By   /s/ David S. Samuels
            David S. Samuels
            Fed. Bar No. ct24460
            Edwards Angell Palmer & Dodge LLP
            90 State House Square, 9th Floor
            Hartford, CT 06103
            (860) 525-5065
            (860) 527-4198 (fax)
            dsamuels@eapdlaw.com

## CERTIFICATE OF SERVICE

I certify that, on the 27th day of March, 2007, I caused a true copy of this motion and incorporated memorandum on the following parties and participants:

<u>Attorneys for Defendants Robert Graham and Michael Shane</u>

Russell Beck, Esq.
Jeffrey M. Rosin, Esq.
Foley & Lardner, LLP
111 Huntington Avenue
Boston, MA 02199
(617) 342.4000

Robert J. Keach, Esq.
Bernstein, Shur
100 Middle Street
P.O. Box 9729
Portland, ME 04104-5029
(207) 774-1200

D. Sam Anderson, Esq.
George J. Marcus, Esq.
Marcus, Clegg & Mistretta, P.A.
100 Middle Street
East Tower, 4th Floor
Portland, ME 04101-4102
(207) 828-8000

Jonathan Shapiro, Esq.
Moon, Moss, & Shapiro, P.A.
10 Free Street
P. O. Box 7250
Portland, ME 04112-7250
(207) 775-6001

/s/ David S. Samuels
David S. Samuels

# EXHIBIT A

BOS_577155_1.DOC/MDUBNOFF

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF _____ CONNECTICUT _____

VERTRUE INCORPORATED,

**V.**

ROBERT GRAHAM and MICHAEL SHANE

### SUBPOENA IN A CIVIL CASE

CASE NUMBER: [1] 2:06-CV-135-P-S (Maine)

TO: George Thomas, Esq.
Vertrue Incorporated
20 Glover Avenue
Norwalk. CT 06850

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Alex Del Vecchio Court Reporting Service, One Landmark Square, 5 th Floor, Stamford, CT 06902 | 3/29/2007 2:00 pm |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]   Attorneys for Defendants | March 21, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
George Marcus, Marcus, Clegg & Mistretta, P.A., 100 Middle Street, East Tower, Portland, ME 04140 (207) 828-8000
Jeffrey M. Rosin, Russell Beck, Foley & Lardner LLP, 111 Huntington Ave., Boston, MA 02199 (617) 342-4000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

A TRUE COPY
ATTEST:
[signature]

AO 88 (Rev. 1/94) Subpoena in a Civil Case - SDNY WEB 4/99

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.